FRANCISCO OLIVENCIA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 653.  Submitted November 2, 1926.—Decided January 14, 1927.

*José Sabater* for the appellant.  The Registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Fernando Olivencia obtained a dominion title for lands situated in the ward of Alto Sano in the town of Las Marías and the same was on May 26th, 1925, duly recorded without defect in the Registry of Property of Mayagüez.  In the dominion proceeding it appeared that Fernando Olivencia was 42 years old and married to Carmen Valladares.  The latter died on December 9th, 1925.  A declaration of heirship was obtained on April 9th, 1926, and the constituent heirs were the husband and two minor children.  When this

declaration was presented to the Registrar of Property of Mayagüez he recorded the same with a curable defect as follows:

"It is expressed that the said record is made with the curable defect of failure to show that Carmen Valladares was the wife of Fernando Olivencia when the latter acquired the property."

According to Fernando Olivencia he acquired this property in 1914 when he was single. His marriage to Carmen Valladares took place in 1920. After reciting this previous history in a petition to the registrar for the purpose of curing the defect the petitioner went on to set up that although the lot appeared to be his separate property it was his desire that it should be considered as matrimonial property, inasmuch as after his marriage the property has received improvement; for the further reason that he wanted his children to own a share in said property; that he was thus not defrauding anybody and especially not any other matrimonial partnership and that he was solely prejudicing himself. The registrar refused to consider the defect cured, substantially on the ground that from the registry it did not appear that between 1914 and 1920 the petitioner had not contracted another marriage. The petitioner then went before the District Court of Mayagüez and obtained an order finding that he was single in 1914 when he acquired the property. When this order and affidavit of petitioner were presented to the registrar the latter refused to consider the defect cured and held that the action of the court was confirmatory of his position. The affidavit of the petitioner set up that he was never married to any one except Carmen Valladares, but an affidavit is not the way to make a fact appear of record in the registry. The objection of the registrar remained unaffected, namely, that it did not appear that petitioner had not been married between 1914 and 1920.

Furthermore we are strongly of the opinion that separate property cannot be converted into matrimonial property at

the mere volition of one of the spouses. Very probably in this case no one would be injured except the petitioner, but the method of transmutation in other cases might possibly cause a fraud on creditors, or perhaps others. The registrar probably if he had had the whole facts before and had given the matter due thought, would have denied record to the declaration of heirship. As it was he noted a curable defect, and we do not see how it can be cured.

The note of the registrar will be affirmed.